Weygandt, C. J.
Section 4921.26, Revised Code, reads:
“Where industrial plants or other enterprises are located in a district which is outside but commercially a part of any municipal corporation, the Public Utilities Commission, on its own motion or on petition of any interested common carrier by motor vehicle or shipper, may, after investigation, notice, and hearing, determine and fix the limits of a zone surrounding such municipal corporation, and may include in such zone any adjacent territory, incorporated or únincorporated, which it finds commercially a part of such municipal corporation. Upon and after the effective date of an order establishing any such commercial zone, all common carriers by motor vehicle transporting property over regular or irregular routes and authorized to serve such municipal corporation as a point of origin and destination of shipments shall, by virtue of and in accordance with such order, serve such commercial zone in the same manner and to the same extent as they are authorized by their respective certificates to serve such municipal corporation. The commission may attach such conditions to any such order as, in its judgment, the public convenience and necessity requires. The commission shall give to all such carriers so authorized to serve such municipal corporation at least 10 days’ written notice of the time and place of any hearing had under this section. The commission may prescribe appropriate forms and rules for the administration of this section.”
Also involved is Rule 28 of the Public Utilities Commission, reading as follows:
“Commercial zones will be established or enlarged in accordance with the provisions of Section 4921,26 of the Revised *197 Code. In accordance with such section, proceedings for the creation of a commercial zone may be instituted by:
“ (1) Any interested common carrier.
“ (2) Any shipper affected.
“ (3) This commission on its own motion.
“All applications requesting the establishment or enlargement of a commercial zone shall be accompanied by an adequate and sufficient map setting forth the area in which a zone is requested to be established. On such map the location of each common carrier shall be noted, together with the location with the principal industries and/or shippers in the area. Such map shall correctly and adequately set forth the metes and bounds proposed for said commercial zone. In the case of an enlargement of a zone, both the boundaries of the existing zone and those of the proposed extension shall be portrayed.
“The test for the establishment of a commercial zone shall be:
“ ‘Is the area affected “commercially a part of” the city? If so, a zone will be established and all carriers in the area encompassed by the zone will be ordered by this commission to serve the newly created zone in the same manner and to the same extent as they are authorized by their respective certificates to serve such municipal corporations.’
“Reciprocal rights to serve each commercial zone created by this commission shall be extended to all carriers holding authority at any point in the zone as well as to those carriers holding authority within the municipality about which a zone is being created.
“No restrictions of any kind shall be imposed upon the authority of carriers located in a commercial zone to serve that zone other than those restrictions and limitations already contained in their specific certificates. No restrictions contained in existing certificates shall be removed or changed by virtue of the establishment of a commercial zone.
“Orders establishing a commercial zone shall not specifically require carriers to file new tariffs but shall simply state that the affected carrier shall serve the newly created zone. If such carriers do not file new tariffs after the establishment of *198 such zone they shall be required to serve the newly created zone at their presently existing tariff ratés.
“To the extent they are applicable, the other Buies of Practice before the Public Utilities Commission shall apply to the establishment of commercial zones.”
The appellants leave nothing to inference in urging their disapproval of the commission’s order when they emphatically insist that it is “arbitrary, unreasonable, unlawful and unconstitutional.”
This court finds itself unable to share these strenuous objections of the appellants.
Illustrative of these difficulties is the appellants’ first contention that the Public Utilities Commission is without authority to create a commercial zone in the absence of a showing and a finding of public convenience and necessity. This court unanimously held to the exact contrary in the second paragraph of the syllabus in the case of Beiter Line, Inc., v. Public Utilities Commission, 165 Ohio St., 1, 133 N. E. (2d), 135. It reads as follows:
“2. In establishing a commercial zone surrounding a municipal corporation, under the provisions of Section 4921.26, Revised Code, the Public Utilities Commission is not obligated, as a condition precedent to making an order creating such a zone, to make a specific finding that there is public convenience and necessity as to extended motor carrier service within such zone. ’ ’
And in the opinion Hart, J., employed the following rationale :
“By the terms of the foregoing statute, there appear certain indicia from which this court concludes that the commission is not required to make a specific finding of convenience and necessity as to such previously certificated motor carrier within the municipality in establishing such commercial zone. In the first place, the commission may, under the statute, sua sponte establish such zones without application or without hearing. In such a case its determination to establish the zone is sufficient without going into the issue of convenience and necessity, and, if the commission has such power on its own motion, that power *199 can not be lessened by tbe fact that an application has been filed and considered as a basis of its action.
“In tbe second place, tbe issue as to convenience and necessity has already been determined in granting certificates to the carriers already serving the corporations themselves, since the zone extensions authorized under the statute must be commercially a part of the corporations. In other words, when the commission makes the finding that the zone is ‘commercially a part of such municipal corporation,’ it, in effect, finds that there is convenience and necessity which is the very object of such zone extension. Furthermore, the commission has the power under the statute to attach through its order for such zone ‘such conditions * * * as, in its judgment, the public convenience and necessity requires.’
“Finally, the same result may be effected by the municipality itself by the extension of its boundaries by annexation of the territory comprehended by the zone, although under Sections 4921.02 and 4921.04, Revised Code, a municipality is precluded from supervising motor transportation companies within its territorial limits.”
Thp appellants’ second contention relates to the so-called reciprocity provision of the commission’s order. In conformity with its rule 28, supra, the commission lifted certain restrictions previously limiting six irregular-route carriers to the unincorporated area of Trumbull County. Under the present order such motor carriers are permitted to serve both the incorporated and unincorporated parts of the commercial zone, as are the appellant regular-route carriers. In other words, the appellant regular-route carriers want for themselves the privilege of serving both the incorporated and the unincorporated parts of the large commercial zone but they are insisting that the other motor carriers be restricted to the small unincorporated part of the zone. As to this contention the commission’s cogent reasoning was as follows:
“The commission finds that it cannot agree with the position of these applicants. To so hold would actually be to emasculate the provisions of the statute itself and frustrate the very aims sought by its enactment. Further, it would result in gross inequities to all affected parties and might even create delicien *200 cies in service. The commission finds instead that, under the very wording of the statute itself it has ample power and authority to make commercial zones which it creates reciprocal. * * *
U # # *
“There are several compelling reasons which necessitate that a commercial zone be reciprocal. The first and foremost of these is that the granting of reciprocity in a zone makes the service of common carriers throughout the zone uniform in its operations and availability. It is always in the best interest of shippers or receivers of commodities that the most flexible type service be made available to them. Reciprocity guarantees this. Finally, it is more equitable and fair to the common carriers themselves that zones be made reciprocal.
“ m *■ * if reciprocity is not given a situation results in which a given city is served by a certain number of common carriers (by way of example, say 10) while the outlying area after a commercial zone is created is thereafter served by those 10 city carriers plus whatever transportation services might have already been available in the area. Thus, it results that certain areas in the newly created commercial zone might have 14 or 15 carriers, whereas the formerly existing city has only its original 10 carriers. Certainly the statute never contemplated that the creation of a commercial zone would confer such irregular and spasmodic service upon the zone area and would actually end in a situation in which the new area has more service than the old. * * *
“As stated previously it is beyond question that these commercial zones are always created for the benefit of the shipping public rather than the carriers. The creation of a commercial zone without reciprocity makes the service which any given shipper in the zone will have dependent upon a mere accident. ’ ’
It is a further contention of the appellants that the order of the commission is in violation of Sections 1 and 16, Article I, and Section 1, Article II, of the Constitution of Ohio, and the Fourteenth Amendment to the Constitution of the United States. However, no argument or authority is suggested in support of these views.
*201 ■ The order of the commission is neither unlawful nor unreasonable and hence is affirmed.

Order affirmed.

Zimmerman, Taft, Matthias, Bell and Herbert, JJ., concur.
Peck, J., not participating.